**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| HAKEEN MAKIN, | ) | CASE NO. 1:18-CV-01521-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LYNEAL WAINWRIGHT, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    Introduction

Petitioner, Hakeen Makin, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Makin is an Ohio prisoner who is currently serving an eleven-year sentence for eighteen counts of drug trafficking and eight counts of drug possession. Makin asserts eight grounds for relief. (ECF No. 1; ECF No. 14). Respondent, Warden Lyneal Wainwright, filed a return of writ on December 7, 2018 (ECF No. 10) and a supplemental return of writ on January 30, 2019 (ECF No. 15) following Makin's amended petition (ECF No. 14). Makin filed a traverse on March 11, 2019. (ECF No. 20, "Traverse"). Respondent objected to the Traverse on March 12, 2019 (ECF No. 21), and Petitioner responded to the objection on March 27, 2019 (ECF No. 22).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Makin's petition and other case-dispositive motions. Makin's grounds for relief are either meritless, not cognizable, or procedurally defaulted; thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

1

## II.    Relevant Factual Background

The Ohio Court of Appeals for the Eighth Appellate District set forth the following facts[1]

on direct appeal:

> {¶ 3} The indictments resulted from a series of controlled drug buys,
> occurring on March 19, 2014 (Counts 1, 2, and 3, 26.4 grams
> cocaine); April 14, 2014 (Counts 4, 5, and 6, 27.6 grams cocaine);
> June 10, 2014 (Counts 7, 8, and 9, 56.8 grams cocaine); and June
> 20, 2014 (Counts 10, 11, and 12, 70.4 grams cocaine). Counts 13
> and 14 are aggregate for the prior transactions. Counts 15, 16, and
> 17 relate to a fifth controlled buy that took place on July 8, 2014,
> involving 11.9 grams of heroin. Counts 18, 19, and 20 arise from a
> July 15, 2014 controlled buy involving 12 grams of heroin. Counts
> 21, 22, and 23 arise from a July 22, 2014 controlled buy involving
> 27.6 grams of heroin. Counts 24, 25, and 26 arise from an August
> 14, 2014 controlled buy involving 27.7 grams of heroin. Counts 27
> and 28 are the aggregate counts for July 8, 2014, through August 14,
> 2014, including major drug offender specifications ("MDOs") under
> R.C. 2941.1410(A).
>
> {¶ 4} Codefendant and ex-girlfriend Tiffany Harmon ("Harmon")
> was charged in complicity with Count 1 and agreed to testify in
> exchange for a plea agreement. The jury trial was held in December
> 2015. The trial court retained jurisdiction to determine the MDOs
> after the jury's verdict. Codefendant Derek I. Woods ("Woods") was
> found not guilty of all charges.
>
> {¶ 5} Special agent Kirk Johns, Task Force Officers Luke Combs,
> and Michael Gardner were involved in the drug buys and testified
> regarding Makin's activities. The state drug task force utilized a
> confidential "reliable" informant ("CI") to effect the transactions.
>
> {¶ 6} The CI would contact Makin and arrange the transaction. The
> money was copied prior to use in the transaction and then given to
> the CI, the state conducted a "cursory search" of the CI and the CI's
> vehicle prior to the meeting. The task force agent trailed the CI to
> the meeting place where the event was recorded by audio, and/or
> video, and/or photographed. After the purchase, the CI met the task
> force agent to turn over the drugs, and another "cursory" search of

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and
the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing
evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert.
denied*, 527 U.S. 1040 (1999).

the CI and the CI's vehicle was conducted. Harmon testified to participating in the first buy with Makin and the CI and that she completed the sale at Makin's direction.

{¶ 7} The CI was recruited for assistance in 2014 after the CI's sale of drugs to task force members. The CI told the task force that Makin was the CI's drug supplier. The CI would purchase, cut, and resell the drugs. An agreement was executed by the CI containing the terms and conditions of his CI status. Trial testimony included a detailed description of each controlled buy transaction.

{¶ 8} Counts 14, 28, and the schoolyard specifications for Counts 15 and 16 were dismissed pursuant to Crim.R. 29. The jury found Makin guilty of the remaining offenses. Makin was sentenced on the major drug specification to 11 years at the Lorain Correctional Institution. He was also advised of postrelease control. This appeal ensued.

*State v. Makin*, 2017-Ohio-2649, ¶¶ 3-8.

## III.  Relevant State Procedural History

### A.  Indictment

Makin was indicted on March 13, 2015, for:

Counts 1, 4, 7, 10, 15: Trafficking, R.C. 2925.03(A)(1), felony of the first-degree with Counts 1, 4, and 15 including a schoolyard specification in violation of R.C. 2925.01(P);

Counts 2, 5, 8, 11, 13, 16, 27: Trafficking, R.C. 2925.03(A)(2), felony of the first-degree with Counts 2, 5, and 16 including a schoolyard specification in violation of R.C. 2925.01(P);

Count 3, 17, 20, 23, 26: Drug Possession, R.C. 2925.11(A), felony of the second-degree;

Counts 6, 9, 12, 14, 28: Drug Possession, R.C. 2925.11(A), felony of the first-degree with Count 14 including a major drug offender specification in violation of R.C. 2941.1410(A);

Counts 18, 21, 24: Trafficking, R.C. 2925.03(A)(1), felony of the second-degree;

Counts 19, 22, 25: Trafficking, R.C. 2925.03(A)(2), felony of the second-degree;

3

(ECF No. 10-1, PageID #: 87-98). At arraignment, Makin pleaded not guilty to all charges. (ECF No. 10-1, PageID #: 99).

### B. Trial and Guilty Verdict

Prior to trial, Makin moved for an order requiring the prosecution to reveal any deals made with cooperating witnesses for his/her assistance in the matter. (ECF No. 10-1, PageID #: 100). The trial court granted the order but required the government to produce such information only after the jury was impaneled and sworn. (ECF No. 10-1, PageID #: 101). The case proceeded to trial. Makin moved for a Rule 29 acquittal, which the court granted as to Counts 14 and 18 and the school-yard specifications on Counts 15 and 16. (ECF No. 10-1, PageID #: 102). The government dismissed the school-yard specifications on Counts 4 and 5. (ECF No. 10-1, PageID #: 105). The jury found Makin guilty of all remaining charges and schoolyard specifications (on Counts 1 and 2). (ECF No. 10-1, PageID #: 103-105). On December 4, 2015, Makin, *pro se*, filed a motion to disqualify his counsel. (ECF No. 10-1, PageID #: 106-108). The trial court denied the motion. (ECF No. 10-1, PageID #: 109). The trial court conducted a bench trial on the major drug offender specification on December 8, 2015. (ECF No. 10-1, PageID #: 105). On December 11, 2015, the court found Makin guilty of the major drug offender specification in Count 13. (ECF No. 10-1, PageID #: 110). On the same date, Makin was ordered to serve an aggregate sentence of eleven years. (ECF No. 10-1, PageID #: 113).

### C. Direct Appeal

On appeal, represented by new counsel, Makin raised twelve assignments of error:

1. The appellant was denied his right to a jury trial guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution in determining the MDO specification. (Tr. 134-36).

2. The appellant was denied due process of law and effective assistance of counsel when the trial court refused to order the State to provide an agreement with its key witness until the day of trial. (Tr. 86-90)

3. The Appellant was denied due process of law, a fair trial, and effective assistance of counsel because the court did not order disclosure of an informant's identity. (Tr. 131)

4. The trial court erred by failing to give a correct accomplice testimony jury instruction. R.C. 2923.03(D). (Tr. 1541)

5. The trial court erred by failing to give a comprehensive instruction on informant testimony. (Tr. 1203; 1205; 1490; 1491)

6. The trial court erred by failing to instruct the jury that prior convictions could be used to evaluate the credibility of a witness. (Tr. 1541; 1203; 1205)

7. Prosecutorial misconduct during closing arguments deprived Mr. Makin of a fair trial in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution. (Tr. 1587)

8. The Appellant was denied the effective assistance of counsel and was not afforded his constitutional right to counsel pursuant to the Sixth Amendment and due process and a fair trial pursuant to the Fifth and Fourteenth Amendments of the United States Constitution. (Tr. 1541; 1203;1205)

9. The Appellant's convictions are against the weight of the evidence. (Tr. 1409; 1446)

10. The evidence was insufficient to convict the defendant of drug possession and drug trafficking. (Tr. 1409; 1446)

11. Appellant's rights to due process and equal protection under the Ohio and United States Constitutions were violated when the State excluded an African-American juror without providing a satisfactory race-neutral reason and without the trial court correctly applying the law. (Tr. 148; 172-76; 290; 380;390)

12. The trial court erred by aggregating the weight of the drugs in separate counts to meet the major drug offender specification. (Tr. 136-37)

(ECF No. 10-1, PageID #: 131-132). On May 4, 2017, the Eighth District Court of Appeals affirmed the judgment of the trial court. *State v. Makin*, 2017-Ohio-2649, ¶68.

### D.  Appeal to the Ohio Supreme Court

On June 16, 2017, Makin timely filed a *pro se* appeal notice in the Ohio Supreme Court. (ECF No. 10-1, PageID #: 250). Makin's memorandum in support of jurisdiction raised the following propositions of law:

I.  The Appellant was denied his right to a jury trial guaranteed by the Sixth and Fourteenth Amendment to the U.S. Constitution in determining the MDO specifications.

II.  The Appellant was denied due process of law and effective assistance of counsel when the trial court refused to order the State to provide an agreement with its key witness until the day of trial.

III.  The Appellant was denied due process of law, a fair trial, and effective assistance of counsel because the court did not order disclosure of an informant's identity.

IV.  The trial court erred by failing to give a correct accomplice testimony jury instruction, R.C. 2923.03(D).

V.  The trial court erred by failing to give a comprehensive instruction on information testimony (sic).

VI.  The trial court erred by failing to instruct the jury that prior convictions could be used to evaluate the credibility of a witness.

VII.  Prosecutorial misconduct during closing arguments deprived Mr. Makin of a fair trial in violation of his rights under the Fifth, Sixth, Eight, (sic) and Fourteenth amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution.

VIII.  The Appellant was denied the effective assistance of counsel and was not afforded his constitutional right to counsel pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

IX.  The Appellant's convictions are against the weight of the evidence.

6

X.    The evidence was insufficient to convict the defendant of drug possession and trafficking.

XI.    Appellant's rights to due process and equal protection under the Ohio and United States Constitution were violated when the State excluded an African-American juror without providing a satisfactory race-neutral reason and without the trial court correctly applying the law.

XII.    The trial court erred by aggregating the weight of the drugs in separate counts to meet the major drug offender specification.

(ECF No. 10-1, PageID #: 253-254). On October 11, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.C.Prac.R. 7.08(B)(4). (ECF No. 10-1, PageID #: 297).

### E.  Application for Reopening Appeal Pursuant to Appellate Rule 26(B)

On July 31, 2017, Makin filed an application to reopen his appeal pursuant to App. R. 26(B). (ECF No. 10-1, PageID #: 298). Makin claimed he received ineffective assistance of appellate counsel when counsel failed to raise the following assignments of error:

> 1. Statutorily mandated terms required by law. The trial court's imposition of the terms was invalid because the court failed to notify appellant of all terms of statutory requirements.
>
> 2. Appellate counsel was ineffective for failing to brief prosecutorial misconduct regarding the prosecutor presenting fabricated evidence, in the form of an audio recording and unremittingly lying and misleading the court and jury as well as assisting the C.I. John Hoyle in conveying a false testimony.
>
> 3. Appellate counsel was ineffective for failing to brief that the trial counsel was ineffective for failing to object to prosecutorial misconduct in regards to the prosecutor presenting fabricated evidence, in the form of an audio recording, misleading and lying to the Court and jury and assisting the C.I. John Hoyle in presenting perjured testimony as well as DEA agents. ("The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." A strong presumption exists that counsel performed effectively. See

7

Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003); Webb
v. Lucas 2013 U.S. Dist. LEXIS 44548.

(ECF No. 10-1, PageID #: 300-307).  The government opposed the reopening of the appeal. (ECF

No. 10-1, PageID #: 308). Makin moved for leave to file a reply to the government's opposition

brief, which the state Court of Appeals denied. (ECF No. 10-1, PageID #: 316, 323). On November

13, 2017, the Court of Appeals denied Makin's application to reopen his appeal. *State v. Makin*,

2017-Ohio-8569, ¶ 12.

## IV.     Federal Habeas Corpus Petition

On July 5, 2018, Makin petitioned *pro se* that this Court issue a writ of habeas corpus.[2]

(ECF No. 1). Makin asserted the following grounds for relief:

> **GROUND ONE**: Appellant was denied due process of law and effective
> assistance of counsel when the trial court refused to order the state to
> provide agreement with key witness until trial day.
>     **Supporting Facts**: Prior to trial, defense counsel sought
> information about any agreement the State had with its key witness, an
> informant. The trial court refused to order that this information be made
> available until the day of trial. And even when the information was made
> available it was generalized, and not specific. This delay obviously impeded
> the ability of defense counsel to properly place issues before the jury as well
> as prepare a viable defense.
>
> **GROUND TWO**: Appellant was denied due process of law, a fair trial, and
> effective assistance of counsel because the court did not order disclosure of
> an informants (sic) identity.
>     **Supporting Facts**: During pretrial discovery, the State arbitrarily
> marked its discovery submissions as "counsel only". What made this
> procedure problematic and prejudicial was that majority of the evidence was
> audio and video recordings allegedly reflecting Appellant's interaction with
> "confidential informant". Counsel never shared any documents with
> appellant and counsel was also restricted from sharing the audio and video
> recordings with Appellant. Defense counsel and Appellant was unable to
> prepare a defense before trial.

---

[2] Makin asserts he placed his *pro se* 28 U.S.C. §2254 habeas petition in the prison mail
system on June 27, 2018. (ECF No. 1, PageID #: 19)

**GROUND THREE:** The trial court erred by failing to give a correct accomplice testimony jury instruction, R.C. 2923.03(D)

Supporting Facts: Because "may affect her credibility" is omitted in the jury instructions given to the jury and replaced in the sentence with "may affect her ability", the jurors were not instructed on the credibility issue and were confused. The specific jury instruction is mandated by the statute.

**GROUND FOUR**: The trial court erred by failing to give a comprehensive instruction on informants (sic) testimony.

Supporting Facts: It is clear that the jury was not alerted to 10 the special motives of an informant's testimony also factored with the lack of a general credulity instruction.

**GROUND FIVE**: The appellant was denied the effective assistance of counsel and fair trial.

Supporting Facts: Defense counsel failed to request an instruction on accomplice testimony and witness credibility and also failed to object to the prosecutors (sic) misconduct about the comments that were made during closing argument and the fact that the prosecutor presented fabricated evidence and conveyed a false testimony as well as assisted the witness in conveying a false testimony.

**GROUND SIX**:[3] [Prosecutorial misconduct during closing arguments and throughout trial deprived appellant of fair trial.]

Supporting Facts: [Prosecutor stated during argument that defense counsel's arguments were "laughable." The prosecutor also presented fabricated evidence in the form of an audio recording and conveyed a false testimony and assisted the witness in conveying a false testimony at trial.]

**GROUND SEVEN**: The evidence was insufficient to convict the appellant of drug possession and drug trafficking.

Supporting Facts: The prosecutors claim appellant was involved in eight controlled buys with an informant. On these eight alleged controlled buys its (sic) on record that the DEA never witnessed any of the alleged drug transactions. Its (sic) also a fact a fact that there are no video recordings of appellant making any drug transactions with the informant and none of the alleged marked money was confiscated from appellant or taken off his person at any given time. The audio recordings were unintelligible, inaudible, incomprehensible and all together untrustworthy and due to this particular nature of these alleged audio recordings the informant was

---

[3] Ground 6 was initially omitted from the petition. Petitioner moved to amend on the premise that habeas claim six was inadvertently omitted from his petition. (ECF No. 12, Page ID #: 1577, ECF No. 12-2, Page ID #: 1596). Respondent did not oppose the motion to amend. The Court granted Petitioner's motion to amend. (ECF No. 13, Page ID #: 1602).

allowed to interpret the audio recordings for the jury in his own words. The appellant wasn't arrested after any of the alleged controlled buys.

**GROUND EIGHT**: The trial court erred by aggregating the weight of the drugs in separate counts to meet the major drug offender specification.
      **Supporting Facts**: According to the indictment appellant never sold or possessed 100 grams or more of any drugs in any of the counts and alleged controlled buys.

(ECF Nos. 1, 14, 14-1).

Respondent filed the return of writ on December 7, 2018 (ECF No. 10) and the supplemental return of writ to address Ground 6 on January 30, 2019 (ECF No. 15). Petitioner filed his Traverse on March 11, 2019. (ECF No. 20). The Commissioner argued that Grounds 1 through 4, 6, and 8 are not cognizable; Grounds 2 (in part) through 4, and 6 are procedurally defaulted; and Grounds 1 and 3 through 7 are meritless. In his Traverse, Petitioner waived argument on Grounds 1 and 6.[4]  Makin further stipulated that Grounds 3 and 5 are meritless and Ground 4 is procedurally defaulted. (ECF No. 20, PageID #: 1886). On March 12, 2019, Respondent objected, in part, to the Traverse asserting that Petitioner had presented a new matter regarding the sufficiency of the evidence never before presented to the state courts. (ECF No. 21). Petitioner responded to Respondent's objection on March 27, 2019. (ECF No. 22).

## V.    Legal Standards

### A.    Jurisdiction

Title 28, United States Code Section 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district

---

[4] Although Petitioner waives argument on Grounds 1 and 6 this Court has addressed these grounds as Petitioner is not required to give any additional argument and did not specifically stipulate to the dismissal of these grounds.

wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Cuyahoga County sentenced Makin, and Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Makin's § 2254 petition.

### B.  Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th 1998).

### C.  Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Landrum's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under the AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

### D.  Procedural Default

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000).  When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested

on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681

(6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)).  A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750.  "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### E.  Standard of Review

The AEDPA provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think

14

that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas

court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's … determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet… because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## VI.    Discussion

### A.  Ground 1

In Ground 1 Makin asserts that he was denied due process of law when the trial court ordered that certain information be provided to him the day of trial and that because of the timing of the disclosure, his counsel could not effectively prepare his defense. (ECF No. 14, PageID #: 1607). Respondent argues that Ground 1 is not cognizable and, alternatively, meritless under the

16

AEDPA. (ECF No. 10, PageID #: 62). Petitioner waived argument regarding Ground 1. (ECF No. 20, PageID #: 1887).

Prior to trial, defense counsel moved for an order requiring the prosecution to provide information regarding any deals it had made with testifying witnesses. The trial court granted the request but explained that the government need only reveal the requested information once the jury was impaneled and sworn in. Petitioner argues that the delay in the government providing the information "impeded the ability of defense counsel to properly place issues before the jury as well as prepare a viable defense." (ECF No. 14, PageID #: 1607).

Assuming arguendo that his due process claim is properly presented to this Court,[5] it lacks merit. "There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, "in most criminal prosecutions, the *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F. 2d 1275, 1285 n.12 (6th Cir. 1988). "*Brady* also applies to the nondisclosure of evidence affecting the credibility of a witness whose 'reliability ... may ... be determinative of guilt or innocence.'" *United States v. Blood*, 435 F.3d 612, 627 (6th Cir. 2006) (quoting *Giglio v. United States*, 405 U.S. 150, 153–54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (quotation omitted); *see also United States v. Jones*, 399 F.3d 640, 647 (6th Cir. 2005)). "Brady generally does not apply to delayed disclosure of exculpatory information, but only to a complete

---

[5] Merely using constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter*, 450 F.3d at 236; *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

failure to disclose" and that a "[d]elay only violates *Brady* when the delay itself causes prejudice." *See United States v. Bencs*, 28 F.3d 555, 560–61 (6th Cir. 1994).

Here, Makin does not assert that the government failed to disclose information. Instead, Makin's argument addresses the timing of the government's disclosure of the information relating to deals made with witnesses in exchange for the witnesses' testimony at trial. This information relates to the witness's credibility. However, because testimony regarding any benefits provided to the witnesses was elicited at trial (*see* ECF No. 10-3, PageID #: 816-817, 827, ECF No. 10-3, PageID #: 1188-1207) and the delay in disclosure did not result in prejudice, the Court finds no *Giglio/Brady* violation here.

To the extent Petitioner attempts to assert a Jencks Act violation, this too fails.  Jencks does not require such material to be turned over until after the witness testifies. *See Presser*, 844 F.2d at 1283 ("the government may not be compelled to disclose Jencks Act material before trial.").

Accordingly, there is no Constitutional right that was infringed by the trial court ordering the government to turn over the requested information after the jury was sworn in. Moreover, a trial court has discretion to delay the disclosure of a prospective witness to protect his or her safety under Ohio Crim. R. 16(D).[6]

Having found that no Constitutional right was infringed, it follows that Petitioner cannot meet the higher standard required for relief under the AEDPA.

Accordingly, the Court recommends denying Ground 1.

---

[6] Petitioner has not claimed that Ohio Crim. R. 16(D) violates the U.S. Constitution. Moreover, any argument that the trial court erred in its application of 16(D) would be premised upon state law and not cognizable in this federal habeas proceeding.

### B.  Ground 2

In Ground 2 Petitioner asserts that he was denied due process of law and a fair trial because the court did not order disclosure of an informant's identity prior to trial, and that because of that violation his counsel was unable to be effective. (ECF No. 14, PageID #: 1609). Respondent argues that Ground 2 is not cognizable in part and procedurally defaulted in part. Petitioner argues that Ground 2 is cognizable but fails to support his statement with any caselaw or argument. Petitioner does not address Respondent's procedural default argument. (ECF No. at 37-39). Petitioner argues that "During pretrial discovery, the State arbitrarily marked its discovery submissions as 'counsel only'. What made this procedure problematic and prejudicial was that majority of the evidence was audio and video recordings allegedly reflecting Appellant's interaction with 'confidential informant'. Counsel never shared any documents with appellant and counsel was also restricted from sharing the audio and video recordings with Appellant. Defense counsel and Appellant was unable to prepare a defense before trial." (ECF No. 14, PageID #: 1609). In his Traverse, Petitioner acknowledges that his defense counsel shared documents with him. He focuses, instead, on the fact that the identity of the informant was not provided prior to trial and certain audio and video recordings were restricted as "counsel only" pursuant to Ohio Crim. R. 16(D).[7] (ECF No. at 37).

To the extent Makin asserts a constitutional violation based on the trial court's order granting certification of the confidential informant's identity, he has not stated a claim for federal habeas relief. *See McDaniel v. Hoffner*, No. 17-1453, 2017 WL 4857554, at *2 (6th Cir. Sept. 12, 2017) (citing *McCray v. Illinois*, 386 U.S. 300, 312–14 (1967) (declining to find that the federal constitution mandates the disclosure of confidential informants); *Phillips v. Cardwell*, 482 F.2d

---

[7] *See* Footnote 6.

1348, 1349 (6th Cir. 1973) (stating that it is doubtful that a claim for failure to produce the identity of an informant is cognizable in habeas corpus)).

Makin's reliance on *Roviaro v. United States*, 353 U.S. 53 (1957), is misplaced. "Roviaro was an exercise of the Supreme Court's supervisory power over lower federal courts." *Nelson v. Burton*, No. 1:15-CV-251, 2018 WL 1179667, at *9 (W.D. Mich. Feb. 20, 2018), *report and recommendation adopted*, No. 1:15-CV-251, 2018 WL 1174140 (W.D. Mich. Mar. 6, 2018) (citing *Roviaro*, 353 U.S. at 59–61; *Phillips*, 482 F.2d at 1349 (*Roviaro*'s ruling "was made in a case on direct appeal and in the Court's supervisory jurisdiction, not as a matter of constitutional law.")). "Because habeas corpus lies only for violation of the Constitution or laws of the United States, it is highly doubtful whether a claim under is cognizable in habeas corpus." *Phillips,* 482 F.3d at 1349.

Accordingly, Makin's claim for failure to produce the identity of an informant is not cognizable in habeas corpus.

To the extent Makin asserts a constitutional violation occurred by restricting certain audio and video recordings as "counsel only", this claim is procedurally defaulted as Makin failed to present the claim to the state court. As discussed above, "a petitioner may procedurally default a claim by failing to [fairly] raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. As noted above, "to fairly present a claim a petitioner must assert both the legal and factual basis for his or her claim." *Id*. Here, Makin does not argue that he fairly presented this factual basis for a Fourteenth Amendment claim in state court.

In his third assignment of error raised on direct appeal, Makin argued that he was "denied due process of law, a fair trial, and effective assistance of counsel because the court did not order the disclosure of an informant's identity." (ECF No. 10-1, PageID #: 139). The majority of his argument takes issue with the trial court's timing for requiring the government to reveal the identity of the informant. (*See* ECF No. 10-1, PageID #: 139-143). As an aside, Makin states:

> During pretrial discovery, the State arbitrarily marked its submissions as "Counsel Only." What made this procedure problematic was that the majority of the evidence was audio and video recordings reflecting Mr. Makin's interaction with a confidential informant ("CRI"). Accordingly, while counsel could share documents with Mr. Makin, he was restricted from sharing the audio and video recordings with Mr. Makin. This assignment of error must also consider the court's refusal to remove the "Counsel Only" tag. The judge confused this issue with disclosure of the CRI's identity, Tr. 131. In short, restricting the recordings was done to prevent Mr. Makin from identifying the CRI; this was improper. And, Crim R 16 requires disclosure of recorded statements of any State's witness, Crim R 16(B)(7); and a witness list, Crim R 16(1).

(ECF No. 10-1, PageID #: 139). Makin's argument that the trial court violated Ohio Crim. R. 16 does not fairly present this issue in a manner that suggests a federal constitutional claim. *See Williams*, 460 F.3d at 806. Accordingly, Makin has procedurally defaulted this claim.

Because Makin's ground for relief is procedurally defaulted, he must demonstrate that cause excuses his default and that he was prejudiced by the alleged constitutional violation. *Coleman*, 501 U.S. at 750. Makin does not argue cause for his procedural default. Thus, as Makin fails to demonstrate cause for his procedural default, his default is not excused.

Accordingly, Petitioner's Ground 2 is not cognizable in part and procedurally defaulted in part and should be dismissed.

### C.  Ground 3

In Ground 3 Petitioner asserts that the "trial court erred by failing to give a correct accomplice testimony jury instruction, R.C. 2923.03(D)." (ECF No. 14, PageID #: 1610). Respondent argues that Ground 3 is not cognizable, procedurally defaulted, and meritless. Petitioner agrees that Ground 3 is meritless under the AEDPA. (ECF No. 20, PageID #: 1886). Accordingly, the Court recommends denying Ground 3.

### D.  Ground 4

In Ground 4 Petitioner asserts that the "trial court erred by failing to give a comprehensive instruction on informants [sic] testimony." (ECF No. 14, PageID #: 1612). Respondent argues that Ground 4 is not cognizable, procedurally defaulted, and meritless. Specifically, Respondent argues that the issue was reviewed for and denied on the basis of plain error in the state appellate court and is, therefore, procedurally defaulted. (ECF No. 10, PageID #: 72). Petitioner agrees that Ground 4 is procedurally defaulted. (ECF No. 20, PageID #: 1886). This Court agrees. *See Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (holding that "a state court's plain error analysis does not save a petitioner from procedural default"); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) (holding that habeas petitioners cannot resurrect procedurally defaulted claims on the sole basis that a state court has applied plain-error review to the issue on direct appeal).

Accordingly, the Court recommends dismissing Ground 4.

### E.  Ground 5

In Ground 5, Petitioner asserts that he was denied effective assistance of counsel and a fair trial because his counsel did not request an instruction on accomplice testimony and witness credibility and did not object to the prosecutor's closing argument. (ECF No. 14-1, PageID #:

1618). Respondent argues that Ground 5 is meritless. Petitioner agrees. (ECF No. 20, PageID #: 1886). Accordingly, the Court recommends denying Ground 5.

### F.  Ground 6

In Ground 6, Petitioner asserts that prosecutorial misconduct during closing arguments and throughout trial deprived him of a fair trial. (ECF No. 14-1, PageID #: 1619). In support of Ground 6, Petitioner states "Prosecutor stated during argument that defense counsel's arguments were 'laughable.' The prosecutor also presented fabricated evidence in the form of an audio recording and conveyed a false testimony and assisted the witness in conveying a false testimony at trial." Respondent argued Ground 6 is not cognizable, procedurally defaulted, and meritless under the AEDPA. Petitioner waived argument regarding Ground 6. (ECF No. 20, PageID #: 1886).

To the extent Ground 6 takes issue with the prosecutor's remark during closing argument, the Court finds this issue procedurally defaulted. In order for procedural default to apply, (1) there must be a firmly established state procedural rule that is applicable to the petitioner's claim and the petitioner must not have complied with the rule; (2) the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the federal claims; and (3) the procedural default must be an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986).

Makin failed to adhere to the firmly-established Ohio contemporaneous objection rule, which is an independent and adequate state ground that the Ohio appellate court invoked as the basis for its decision to apply plain error review only. *State v. Makin*, 2017-Ohio-2649, ¶ 35. *See Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000) (recognizing Ohio's contemporaneous objection rule as an adequate and independent state ground). Makin's attorney failed to object to

the prosecutor stating that defense counsel's arguments were "laughable". The state court of appeals, recognizing this, conducted plain error review of the issue and found no error. (*State v. Makin*, 2017-Ohio-2649, ¶¶33-40).

The Sixth Circuit Court of Appeals has "held that an Ohio court's enforcement of the contemporaneous-objection rule is " 'an independent and adequate state ground' of decision" sufficient to bar habeas relief." *Hand v. Houk*, 871 F.3d 390, 417 (6th Cir. 2017) (citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 336 (6th Cir. 2012) (citation omitted)). Therefore, Makin is barred from raising this claim for relief in a habeas petition unless he can demonstrate cause and prejudice to excuse the default. *Hand*, 871 F.3d at 417; *Keith v. Mitchell*, 455 F.3d 662, 674 (6th Cir. 2006) ("Absent cause and prejudice, a federal court may not reach the merits of claim that has been procedurally defaulted in state court."). Makin does not argue cause for his procedural default.  Nor has the petitioner shown actual innocence. *See Gray*, 518 U.S. at 162; *Hannah v. Conley*, 49 F.3d 1193, 1196, n. 3 (6th Cir. 1995)); *see also Coleman*, 501 U.S. at 750–51. Thus, as Makin fails to demonstrate cause for his procedural default or actual innocence, his default is not excused

Makin's claim that "[t]he prosecutor also presented fabricated evidence in the form of an audio recording and conveyed a false testimony and assisted the witness in conveying a false testimony at trial" is also procedurally defaulted as he failed to raise the issue before the state courts. The doctrine of exhaustion requires that a prosecutorial misconduct claim be presented to the state courts under the same theory as the prosecutorial misconduct claim being raised in the habeas petition. *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004). On direct appeal Makin took issue only with the prosecutor's remarks that the defense's argument was "laughable." (ECF No. 10-1, Page ID#149-152). The remainder of Makin's supporting facts – that the prosecution

24

"fabricated evidence in the form of an audio recording and conveyed a false testimony and assisted the witness in conveying a false testimony at trial" – was not alleged before the state court. Notably, Makin does not argue that he fairly presented this factual basis in state court. Makin has failed to present, and therefore to exhaust, the prosecutorial misconduct claim addressed above.

However, the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) and (c) do not bar review of claims where, such as here, a petitioner no longer has state remedies available to him. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (holding that failure exhaust bars review only when the state still provides a remedy to exhaust). Makin is barred from presenting his claims to the state courts because he had the opportunity to raise the issues during the course of his direct appeal but failed to do so. *See State v. Roberts*, 1 Ohio St.3d 36, 39 (1982) (the doctrine of res judicata precludes a petitioner from asserting constitutional issues in a postconviction proceeding that were not raised "at the earliest possible time"). Instead, the Court must apply the procedural default rules to those claims. As discussed above, "a petitioner may procedurally default a claim by failing to [fairly] raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. As noted above, "to fairly present a claim a petitioner must assert both the legal and factual basis for his or her claim." *Id*. The Court may review a prisoner's procedurally defaulted claims on the merits only if he shows cause for not raising his claims at all levels of state court review and prejudice, or that he is actually innocent of the crimes for which he was convicted. *See Gray*, 518 U.S. at162; *Hannah*, 49 F.3d at 1196, n. 3; *Coleman*, 501 U.S. at 750–51. The petitioner has neither alleged nor established cause to excuse his procedural default on these claims. When cause has not been shown, the Court need not consider whether actual prejudice has been demonstrated.

*See, e.g., Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nor has the petitioner shown actual innocence. Therefore, his procedural default will not be excused on this ground. The newly raised portions of Petitioner's Ground 6 claim of prosecutorial misconduct are barred by procedural default.

Accordingly, Petitioner's Ground 6 procedurally defaulted and should be dismissed.

### G. Ground 7

In Ground 7, Petitioner asserts that the "evidence was insufficient to convict the appellant of drug possession and drug trafficking." (ECF No. 14-1, PageID #: 1620). Makin includes the following supporting facts:

> The prosecutors claim appellant was involved in eight controlled buys with an informant. On these eight alleged controlled buys its (sic) on record that the DEA never witnessed any of the alleged drug transactions. Its (sic) also a fact a fact that there are no video recordings of appellant making any drug transactions with the informant and none of the alleged marked money was confiscated from appellant or taken off his person at any given time. The audio recordings were unintelligible, inaudible, incomprehensible and all together untrustworthy and due to this particular nature of these alleged audio recordings the informant was allowed to interpret the audio recordings for the jury in his own words. The appellant wasn't arrested after any of the alleged controlled buys.

(ECF No. 14-1, PageID #: 1620). Respondent argued that Ground 7 is meritless. Petitioner's Traverse renumbers the issue as Ground 1 and states: "The evidence was insufficient to convict petitioner of drug trafficking, drug possession, MDO specifications and schoolyard specifications." (ECF No. 20, PageID #: 1848). Specifically, Petitioner contests the credibility of the witnesses. (*See* ECF No. 20, PageID #: 1848-1883). Respondent objects to the Traverse and argues that it raises new claims and factual bases not previously argued before any court. (ECF No. 21). Petitioner argues that he was supplementing and clarifying the record by including new facts but that he did not change the substance of his claim. (ECF No. 22, generally).

26

### A.  New Claims Raised in Traverse

To the extent Makin attempts to raise in his Traverse sufficiency of the evidence claims regarding his MDO specification and schoolyard specifications, the Court agrees with Respondent that Makin failed to raise these issues in his habeas petition. (*Compare* ECF No. 14-1, PageID #: 1620 *with* ECF No. 20, PageID #: 1848). "New issues may not be raised in the traverse*." McClendon v. Wainwright*, No. 1:17 CV 0589, 2018 WL 7982929, at *3 (N.D. Ohio Nov. 13, 2018), *report and recommendation adopted*, No. 1:17 CV 589, 2019 WL 1558739 (N.D. Ohio Apr. 10, 2019) (citing *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (citation omitted) ("[A] court cannot consider new issues raised in a traverse or reply to the State's answer.")). Thus, the Court will not address these new issues.

### B.  Drug Trafficking and Drug Possession

Ground 7 of the petition claims a violation of due process on the basis that there was insufficient evidence to support a guilty verdict on his drug possession and drug trafficking charges. (ECF No. 14-1, PageID #: 1620). Makin asserted this issue on direct appeal and in his petition. Respondent asserts that Makin improperly raises facts in his Traverse that he had previously failed to raise before any court. Makin's Traverse provides nearly 36 pages of argument and facts for Ground 7, many of which were not included in his manifest weight or sufficiency arguments at the state level. (See ECF No. 14-1, PageID #: 155-163). Indeed, Makin acknowledges that he raises new facts but argues that he does so in order to supplement and clarify the record. To the extent these "facts" were not presented before to state courts, it is improper for Makin to raise them on habeas review. *See Davis v. Gray*, No. 1:19 CV 1527, 2020 WL 4004490, at *5 (N.D. Ohio Apr. 28, 2020), *report and recommendation adopted*, No. 1:19CV1527, 2020 WL 4003040 (N.D. Ohio July 15, 2020), *appeal dismissed*, No. 20-3888, 2021 WL 688840 (6th Cir.

Feb. 3, 2021) ("A petitioner who did not take or seek the opportunity to develop evidence in his state trial, direct appeal and post-conviction proceedings will be deemed to have failed to develop the factual basis of the claim. 28 U.S.C. § 2254(e)(2). Such a situation precludes the habeas court from considering new facts presented for the first time in federal habeas proceedings or granting an evidentiary hearing to consider the new facts. 28 U.S.C. § 2254(e)(2) is designed to restrict the development of facts in federal habeas proceedings that were not known or considered by a state court.").

However, the majority of Makin's arguments and facts merely attack the credibility of the evidence presented. (*See* ECF No. 20, PageID #: 1848-1883). The Court need not determine whether these factual bases are properly presented to this court because this habeas court does not reconsider the credibility of witnesses. *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009), *cert. denied*, 562 U.S. 858 (2010) (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (This court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury."); s*ee, e.g., McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003) cert. denied, 540 U.S. 1158 (2004) (It is the province of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the evidence presented.)). The Supreme Court has emphasized that "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). *Jackson* "unambiguously instructs that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Cavazos*, 565 U.S. at 7 (quoting *Jackson v. Virginia,* 443 U.S. 307, 326 (1979). Additionally, to the extent that Makin tries to weave

other issues into his sufficiency of the evidence claim (*see* ECF No. 20, PageID #: 1848-1883 (alleging instances of "false testimony", "prosecutorial misconduct", "fraud", "perjury" in support of his sufficiency claim)), this is also improper.

Nonetheless, this Court recognizes that Makin has properly brought this sufficiency of the evidence claim in relation to his drug trafficking and drug possession convictions and will consider the facts properly before it when analyzing this claim.

Makin raised on direct appeal the sufficiency of the evidence to support a guilty verdict on his drug possession and drug trafficking charges; the state court of appeals ruled as follows:

> {¶ 41} Makin argues that his convictions are against the weight and sufficiency of the evidence. We combine the related ninth and tenth errors for response.
>
> {¶ 42} The Ohio Supreme Court has explained that, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007–Ohio–2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386–387. An appellate court, "may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins* at 387.
>
> {¶ 43} The question of "whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955)." *Thompkins* at 386. It is "an inquiry about due process, * * * the resolution of which does not allow the court to weigh the evidence." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).
>
> {¶ 44} In a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009–Ohio–3375,¶ 25, citing *Thompkins* at 387. " 'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Leonard*, 104 Ohio St.3d 54, 2004–Ohio–6235, 818 N.E.2d 229, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. Tenace*, 109 Ohio St.3d 255, 2006–Ohio–2417, 847 N.E.2d 386.

{¶ 45} After consideration of whether the evidence is sufficient as a matter of law, a manifest weight inquiry looks at whether the evidence was substantial enough for a jury to reasonably conclude that all of the elements of the alleged crime have been proved beyond a reasonable doubt. The appellate court sits " 'as a thirteenth juror.' " *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The appellate court reviews the entire record, considers the credibility of the witnesses, weighs the evidence and all reasonable inferences, and determines whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Martin* at 175; *Leonard* at 68.

{¶ 46} In weighing the evidence, we consider whether a greater amount of credible trial evidence supports "one side of the issue rather than the other." *Thompkins*, 78 Ohio St.3d at 387, 1997–Ohio–52, 678 N.E.2d 541. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." Black's Law Dictionary 1594 (6 Ed.1990). *Id*. We sit as a "thirteenth juror," reviewing the entire record to determine whether the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.

{¶ 47} The jury heard testimony from Harmon who was present at the first controlled buy, the task force members present at each of the controlled buys, testimony from the CI regarding each controlled buy, and both video and audio evidence of the buys. Testimony included the amount of the drugs purchased, the payment, and testing of the drugs to confirm chemical composition.

{¶ 48} Based on a thorough review of the record, we do not find that the verdict in this case is against the manifest weight of the evidence, nor is the evidence insufficient as a matter of law. The ninth and tenth errors are overruled.

30

*State v. Makin*, 2017-Ohio-2649, ¶¶ 41-48. The state court of appeals relied on state law, rather than federal law, in addressing the sufficiency of the evidence claim. The state court, however, relied on *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997), and *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) (syllabus), which follow the sufficiency of evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). Thus, the issue is whether the state court decision was an unreasonable application of clearly established federal law; in other words, whether the state court identified the correct governing legal principle from Supreme Court decisions, but unreasonably applied that principle to the facts of Makin's case. *Williams*, 529 U.S. at 410-412; *Bolton v. Harris*, No. 1:18CV1164, 2021 WL 1930239, at *31 (N.D. Ohio Apr. 7, 2021), *report and recommendation adopted*, No. 1:18 CV 1164, 2021 WL 1929117 (N.D. Ohio May 13, 2021).

Under *Jackson*, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. at 319; *see also Cavazos*, 565 U.S. at 7; *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990). The state court correctly identified and applied the governing legal principle as set forth in *Jackson*. *See State v. Makin*, 2017-Ohio-2649, ¶¶ 40-48.

On habeas review, "the *Jackson v. Virginia* standard is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.' " *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (*en banc*), *cert. denied*, 566 U.S. 947 (2012) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)). The Supreme Court has affirmed that "*Jackson* claims face a high bar in federal habeas proceedings." *Coleman*, 566 U.S. at 651. A federal habeas court may overturn the state court's

sufficiency of the evidence decision "only if the state court decision was 'objectively unreasonable.' " *Id*. (citing *Cavazos*, 565 U.S. at 4).

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir.), *cert. denied*, 537 U.S. 980 (2002) (quoting *Jackson*, 443 U.S. at 324 n.16). Thus, the federal court must look to state law to determine the elements of the crime. *See Palmer v. Palmer*, No. 1:15-CV-458, 2018 WL 7891722, at *15 (W.D. Mich. Oct. 29, 2018), report and recommendation adopted, No. 1:15-CV-458, 2019 WL 1429258 (W.D. Mich. Mar. 29, 2019) (citing *Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements ...."); *Jackson*, 443 U.S. at 324 n.16 ("The respondents have suggested that this constitutional standard will invite intrusions upon the power of the States to define criminal offenses. Quite to the contrary, the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.").

To be guilty of possession under Ohio R.C. 2925.11(A), the offender must 'knowingly obtain, possess, or use a controlled substance."   To be guilty of trafficking under Ohio R.C. 2925.03(A), the offender must knowingly "(1) [s]ell or offer to sell a controlled substance or a controlled substance analog;" or "(2) [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person." Here, the state court's opinion, quoted above, recounts the evidence that supports a conviction on the elements of drug possession and drug trafficking. *State v. Makin*, 2017-Ohio-2649, ¶47. The state court also

addressed Makin's challenge to the sufficiency of the evidence. *State v. Makin*, 2017-Ohio-2649, ¶48 (see quoted paragraph above).

Reviewing the state court's determination on these issues, this court cannot find that the state court's decision is an objectively unreasonable application of federal law. The evidence supporting the convictions included evidence from each of the controlled buys, including audio and video evidence of the buys, testimony from the agents who witnessed the controlled buys, testimony from the CI who participated in the buys, and testimony regarding the amount of the drugs purchased, the payment, and testing of the drugs to confirm chemical composition. Makin has failed to demonstrate that the state court determination resulted in a decision that involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Consequently, Ground 7 should be denied.

### H.  Ground 8

In Ground 8, Petitioner asserts that the "trial court erred by aggregating the weight of the drugs in separate counts to meet the major drug offender specification." (ECF No. 14-1, PageID #: 1622). Respondent argues that Ground 8 is not cognizable. Specifically, Respondent argues the major drug offender specification and the question of aggregation are state sentencing issues and, therefore, not cognizable in this forum. (ECF No. 10, PageID #: 82). Petitioner agrees. (ECF No. 20, PageID #: 1887). Accordingly, the Court recommends dismissing Ground 8.

## VII.    Certificate of Appealability

### A.      Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has

made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B.  Analysis

Makin's grounds for relief are either meritless, not cognizable, or procedurally defaulted. If the Court accepts the foregoing recommendation, then Makin has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue to Makin a certificate of appealability.

## VIII.  Recommendation

Petitioner Makin has presented only meritless, not cognizable, or procedurally defaulted claims. Thus, I recommend that the Court DENY Makin's petition and not grant him a certificate of appealability.

DATED: July 19, 2021

    *s/ Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).