IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAKEEN MAKIN,**

    Petitioner,

    v.

**WARDEN LYNEAL WAINWRIGHT,**

    Respondent.

CASE NO. 1:18 CV 1521

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

*Pro se* Petitioner Hakeen Makin ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. This case was referred to Magistrate Judge Carmen E. Henderson for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2).[1] On July 19, 2021, Judge Henderson issued an R&R recommending the Petition be denied in its entirety. (Doc. 24). On October 26, 2021[2] – following this Court's grant of an extension of time – Petitioner filed his Objections thereto. (Doc. 26).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court OVERRULES Petitioner's Objections and ADOPTS Judge Henderson's R&R as the Order of this Court.

---

1. This case was originally referred to Magistrate Judge George J. Limbert, and later reassigned to Magistrate Judge Henderson. *See* Non-document entries dated August 14, 2018, July 6, 2020.

2. Under the prison mailbox rule, Petitioner's pleadings are deemed "filed" when he presents them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); Doc. 26, at 38.

### BACKGROUND

This case, filed July 5, 2018, stems from Petitioner's jury trial conviction in the Cuyahoga County Court of Common Pleas on a 28-count indictment for drug trafficking and possession offenses. *See State v. Makin*, 2017-Ohio-2649, ¶¶ 2-3 (Ohio Ct. App.). Some of these counts carried school-yard or major drug offender specifications.

In his Petition – as later amended – Petitioner raised eight grounds for relief. *See* Docs. 1, 14. Judge Henderson recommended the Court find Ground One without merit, Ground Two non-cognizable in part and procedurally defaulted in part, Ground Three meritless, Ground Four procedurally defaulted, Ground Five meritless, Ground Six procedurally defaulted, Ground Seven meritless, and Ground Eight not cognizable. (Doc. 24).

Petitioner objects only to the R&R's evaluation of Ground Seven. *See* Doc. 26, at 1 (conceding Grounds One through Six and Eight are "either meritless, not cognizable, or procedurally defaulted"). Judge Henderson recommends the Court find this Ground meritless because the state court finding that the evidence was sufficient to support Petitioner's convictions was neither contrary to, nor an unreasonable application of Federal law. (Doc. 24, at 26-33).

In Ground Seven, Petitioner asserts the evidence was insufficient to convict him of drug possession and drug trafficking. (Doc. 1, at 12). He set forth the following supporting facts:

> The prosecutors claim [Petitioner] was involved in eight controlled buys with an informant. On these eight alleged controlled buys it[']s on record that the DEA never witnessed any of the alleged drug transactions. It[']s also a fact that there are no video recordings of appellant making any drug transactions with the informant and none of the alleged marked money was confiscated from [Petitioner] or taken off his person at any given time. The audio recordings were unintelligible, inaudible, incomprehensible and all together untrustworthy and due to this particular nature of these alleged audio recordings the informant was allowed to interpret the audio recordings for the jury in his own words. [Petitioner] wasn't arrested after any of the alleged controlled buys.

*Id.*

**STANDARD OF REVIEW**

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).

**DISCUSSION**

As noted, Petitioner only objects to Judge Henderson's analysis regarding Ground Seven, his claim that the evidence was insufficient to support his convictions. *See* Doc. 26. On *de novo* review, the Court agrees with the analysis in the R&R and adopts it in its entirety.

When reviewing insufficient evidence claims, a court must first determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*,

3

443 U.S. 307, 319 (1979) (emphasis in original). And on habeas review, even if the federal court concludes that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, the court must defer to a state appellate court's sufficiency determination if it is not unreasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Consistent with the deference given to the trier of fact's resolution of conflicts in evidence, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. As such, the reviewing court is not permitted to "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown*, 567 F.3d at 205. "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original).

First, the Court notes it is questionable whether Petitioner fairly presented his sufficiency claim in its current expanded form to the state courts. To the state courts, Petitioner presented both a manifest weight of the evidence (a state-law claim) and a sufficiency claim. *See* Ex. 12, Doc. 10-1, at 72-80; Ex. 16, Doc. 10-1, at 178-184. In his manifest weight claim, Petitioner argued: (1) law enforcement did not search the confidential informant's clothing, body, or vehicle before or after the controlled buys; (2) the jury was not instructed regarding the confidential informant's credibility based on his prior criminal record; (3) the confidential informant testified "I got into trouble, so I have to get someone else in trouble"; and (4) no hand-to-hand transaction was captured on video. (Ex. 12, Doc. 10-1 at 74-75). In his sufficiency claim, Petitioner argued only an Ohio statutory question regarding whether the prosecution was required to disprove certain statutory

exemptions. *See id.* at 77-80. To the Ohio Supreme Court, Petitioner again raised these two arguments. (Ex. 16, Doc. 10-1, at 177-78).

A petitioner "fairly presents" the "substance of his federal habeas corpus claim" when the state courts are afforded sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). This means he must present to the federal court essentially the same facts and legal theories considered and rejected by the state courts. *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002) (citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). This rule arises out of "the interests of comity and federalism" which "dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). This is so the state courts may have an opportunity to correct any errors before a federal court intervenes in the state criminal process.

For the first time his Traverse, and now again in his Objections, Petitioner raises an elaborate attack on the facts as presented at trial including conflicts in the evidence and challenges to witness credibility. *See* Doc. 20, at 3-37; Doc. 26. This is, at best, a significantly-expanded version of the manifest weight argument he presented to the state courts. The Court thus agrees with the R&R's finding that to the extent Petitioner did not present this factual argument to the state courts, he has not properly preserved it for federal habeas review. *See Wong*, 142 F.3d at 322.

Second, however, the Court also agrees with the R&R's conclusion that the Court need not determine whether these expanded factual arguments were fairly presented to the state courts, because the on the merits, arguments presented in Petitioner's Traverse (and now again in his Objections) go to the conflicts in the evidence, the weight of the evidence, and credibility, none of which this Court can re-evaluate.

By its terms, review under AEDPA is highly deferential to state courts. *Davis v. Lafler*, 658 F.3d 525, 530 (6th Cir. 2011) And when, like here, a habeas petitioner challenges the sufficiency of the evidence used to convict him in a state-court proceeding, the review is doubly deferential. *Id.* at 531. The Court first defers to the trier of fact. Rather than "reweigh[ing] the evidence, reevaluat[ing] the credibility of witnesses, or substitut[ing] [its] judgment for that of the jury," it asks "whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018) (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). If the answer is yes, then the conviction satisfies the demands of the Fourteenth Amendment's Due Process Clause regarding conviction on sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). Second, the Court defers to the last state court that reviewed (and rejected) Petitioner's sufficiency arguments. *Id.* "[S]o long as fairminded jurists could disagree on the correctness of the state court's decision" to leave a guilty verdict in place, federal habeas relief is inappropriate. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation and citation omitted).

Petitioner's indictment resulted from a series of controlled drug buys from March to August 2014. *State v. Makin*, 2017-Ohio-2649, at ¶3 (Ohio Ct. App.). Per the state appellate court:

> {¶ 5} Special agent Kirk Johns, Task Force Officers Luke Combs, and Michael Gardner were involved in the drug buys and testified regarding Makin's activities. The state drug task force utilized a confidential "reliable" informant ("CI") to effect the transactions.
>
> {¶ 6} The CI would contact Makin and arrange the transaction. The money was copied prior to use in the transaction and then given to the CI, the state conducted a "cursory search" of the CI and the CI's vehicle prior to the meeting. The task force agent trailed the CI to the meeting place where the event was recorded by audio, and/or video, and/or photographed. After the purchase, the CI met the task force agent to turn over the drugs, and another "cursory" search of the CI and the CI's vehicle was conducted. Harmon [Petitioner's co-defendant and ex-girlfriend]

> testified to participating in the first buy with Makin and the CI and that she completed the sale at Makin's direction.
>
> {¶ 7} The CI was recruited for assistance in 2014 after the CI's sale of drugs to task force members. The CI told the task force that Makin was the CI's drug supplier. The CI would purchase, cut, and resell the drugs. An agreement was executed by the CI containing the terms and conditions of his CI status. Trial testimony included a detailed description of each controlled buy transaction.
>
> * * *
>
> {¶ 47} The jury heard testimony from Harmon who was present at the first controlled buy, the task force members present at each of the controlled buys, testimony from the CI regarding each controlled buy, and both video and audio evidence of the buys. Testimony included the amount of the drugs purchased, the payment, and testing of the drugs to confirm chemical composition.

*Id.* at ¶¶ 5-7, 47.

This Court finds no error in the R&R's analysis of Petitioner's sufficiency claim and determination that the state court decision is not contrary to, nor an unreasonable determination of, Federal law. *See* 28 U.S.C. § 2254(d). Nor has Petitioner shown the state court factual findings to be erroneous by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Despite Petitioner's contentions to the contrary, his arguments all go to the weight or credibility of the evidence, not to its sufficiency to satisfy the elements of the offenses with which he was charged. He contends "there is no evidence corroborating the informant's testimony" and challenges the quality of the evidence presented. (Doc. 26, at 8, 32, 34). But even the uncorroborated testimony of a single witness is sufficient to support a criminal conviction. *See United States v. Johnson*, 106 F. App'x 461, 465 (6th Cir. 2004) ("the uncorroborated testimony of a single witness is a sufficient basis for a federal conviction"); *see also Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985) ("the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction"). Questions about the quality of the recorded evidence similarly go to weight rather than sufficiency. And it is duty of the jury, not this Court sitting on habeas review, to resolve conflicts in and weigh the evidence,

7

including witness credibility; this Court must presume the jury resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326; *Cf. United States v. Bailey*, 444 U.S. 394, 414-15 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story.").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Henderson's R&R (Doc. 24) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Docs. 1, 14) is DENIED and DISMISSED as set forth therein; and it is

ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases; and the Court

CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                s/ *James R. Knepp II*
                                                UNITED STATES DISTRICT JUDGE